UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Franklin Jeffries | James Selth |
| | Paul Pearson |
| | David Gould |
| | David Kupetz |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE COMPLAINT** (Docket #7, filed January 29, 2013)

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** (Docket #8, filed February 1, 2013)

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO STRIKE FIRST AMENDED COMPLAINT** (Docket #13, filed February 4, 2013)

## I.  INTRODUCTION

On September 12, 2012, plaintiff Peli Popovich Hunt, proceeding pro se, filed the instant action against defendants Horwitz, Cron & Armstrong, LLP ("HC&A"), Weintraub & Selth APC ("W&S"), United States Bankruptcy Judge Ernest M. Robles ("Judge Robles"), John R. Armstrong ("Armstrong"), David M. Goodrich ("Goodrich"), Elissa D. Miller ("Miller"), Paul R. Pearlson ("Pearlson"), Daniel A. Lev ("Lev"), David Gould ("Gould"), and James R. Selth ("Selth").  On January 3, 2013, plaintiff filed her first amended complaint ("FAC").  Plaintiff alleges the following claims for relief: (1) violation of 42 U.S.C. § 1983, (2) declaratory relief, (3) state law conspiracy, and (4) state law professional negligence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

On January 29, 2013, defendants Goodrich and Gould filed a motion to dismiss for failure to state a claim upon which relief can be granted and a motion to strike. On February 1, 2013, defendants W&S, Selth, and Pearlson filed a motion to dismiss for failure to state a claim upon which relief can be granted. On February 4, 2013, defendants Miller and Lev filed a motion to dismiss for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction, as well as a motion to strike. Plaintiff filed oppositions to all three motions on March 26, 2013.[1] Defendants Miller and Lev filed a reply on March 29, 2013. Defendants W&S, Selth, and Pearlson filed an objection on April 1, 2013. The Court held a hearing on April 8, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

### A.     Plaintiff's Allegations

Plaintiff is the widow of Robert W. Hunt ("Hunt") and the trustee of the Peli and Robert Hunt Living Trust ("Living Trust"). FAC ¶ (k)(a). Hunt was the former owner of Robert W. Hunt, M.D., a Medical Corporation (the "Corporation"). Id. ¶ (p). Upon his death, Hunt left plaintiff his medical practice, accounts receivables, and medical offices under the Living Trust. Id. ¶ (k)(a). After plaintiff assumed possession over the Corporation, disputes developed between plaintiff and a number of physicians working at the Corporation, leading to litigation. Plaintiff was represented by defendants HC&A and Armstrong, and the physicians were represented by defendant Pearlson. Id. ¶ 8. Plaintiff alleges that defendant Armstrong had requested that plaintiff provide certain documents that would help the merits of plaintiff's case. Id. However, plaintiff alleges that even though she timely provided the requested documents to Armstrong, these documents were never submitted into evidence. Id. ¶¶ 9, 12.

On October 14, 2011, a judgment awarding over $3 million in favor of the physicians was entered in the Los Angeles County Superior Court. Id. ¶ 12; see RJN, Ex.

---

[1] Although plaintiff commenced this suit in pro per, plaintiff has now obtained counsel who filed the various oppositions on her behalf.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

11 at 62–129. The presiding judge stated that plaintiff failed to produce any evidence to nullify the physicians' contentions. FAC ¶ 12.

On November 23, 2011, both plaintiff and the Corporation filed for chapter 11 bankruptcy. See RJN, Exs. 1, 2.[2] Judge Ernest M. Robles appointed defendant Miller as chapter 11 trustee in plaintiff's bankruptcy case and defendant Lev as defendant Miller's counsel. See RJN, Exs. 3, 5. Judge Robles also appointed defendant Goodrich as chapter 11 trustee in the Corporation's bankruptcy case and defendant Gould as defendant Goodrich's counsel. See RJN, Exs. 4, 6. Subsequently, Miller and Goodrich both filed motions to convert the bankruptcy cases from chapter 11 to 7, and Judge Robles granted those motions. See RJN, Exs. 7, 9. Plaintiff alleges that defendants Miller and Goodrich violated 11 U.S.C. § 322 and Federal Rule of Bankruptcy Procedure 9006 by failing to timely fix bonds or accept the appointments. FAC ¶ 16.

---

[2]Although when ruling on a Rule 12(b)(6) motion a court generally may not consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). Here, the exhibits submitted in connection with defendants' RJN all pertain to matters of public record. Plaintiff disputes the authenticity of these documents on the grounds that the documents were not certified by a custodian of records. However, the documents are self-authenticating and do not require a certification by a custodian of records because they were sealed by the United States Bankruptcy Court, Central District of California. Accordingly, the Court GRANTS defendants' request for judicial notice. Fed. R. Evid. 201.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

On May 4, 2012, defendant Pearlson filed a proof of claim seeking to enforce the $3 million judgment for the physicians. Plaintiff moved to disallow the claim, alleging that defendant Selth used a declaration of defendant Pearlson "that declare[s] the State Court judgment is not against the Living Trust." FAC ¶ 28. However, Judge Robles overruled the objection, a ruling which plaintiff alleges was incorrect. Id. ¶ 28; see RJN, Exhibit 13. On September 5, 2012, a hearing was held regarding the sale of real assets of the Living Trust, in particular the sale of plaintiff's commercial property in Torrance (the "Torrance property"). FAC ¶¶ 16, 23–25. Plaintiff alleges that defendants Miller and Goodrich acted outside the scope of their authority as bankruptcy trustees by confiscating accounts receivables and selling assets of the Living Trust. Id. ¶ 16; Opp. at 5. It appears that plaintiff objected to the sale of the Torrance property by submitting "a copy of a deed to be placed into evidence." FAC ¶ 24. Defendant Miller allegedly did not object to the evidence. Id. However, plaintiff alleges that Judge Robles improperly questioned the authenticity of the evidence and subsequently sustained the authenticity objection. Id. ¶ 25.

The gravamen of plaintiff's complaint is that defendants conspired to deprive her of various constitutional rights. In support of this theory, plaintiff alleges that defendants have discriminated against her on the basis of her race, gender, and age. Id. ¶ 6. Plaintiff also alleges that defendants have acted under color of California law to confiscate and sell her property. Id. ¶ 7.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

    Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

    For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

    As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   Subject Matter Jurisdiction

Defendants Miller, Lev, Goodrich, Gould argue that plaintiffs' claims should be dismissed for lack of subject matter jurisdiction for failure to obtain leave of the bankruptcy court.

The Supreme Court established over a century ago that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." Barton v. Barbour, 104 U.S. 126, 127 (1881). A majority of the circuit courts have followed this Barton doctrine within the bankruptcy context. See In re Crown Vantage, Inc., 421 F.3d 963, 970 (9th Cir. 2005) ("[A] party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity."); In re Harris, 590 F.3d 730, 741–42 (9th Cir. 2009); In re Linton, 136 F.3d 544–46 (7th Cir. 1998) ("The trustee in bankruptcy is a statutory successor to the equity receiver."); Satterfield v. Malloy, 700 F.3d 1231, 1234–35 (10th Cir. 2012) ("We now hold that Barton precludes suit against a bankruptcy trustee for claims . . . absent approval from the appointing bankruptcy court."); Muratore v. Darr, 375 F.3d 140, 148 (1st Cir. 2004); Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000). If a party fails to obtain leave of court before initiating an action in another forum, then the other forum lacks subject matter jurisdiction. Barton, 104 U.S. at 137.

The rationale for the Barton doctrine is that "[t]he requirement of uniform application of bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate be brought either in bankruptcy court or with leave of the bankruptcy court." In re Crown Vantage, Inc., 421 F.3d at 971. As such, the Barton doctrine applies even if a party's bankruptcy proceedings have closed. See Muratore, 375 F.3d at 147 (holding that Barton doctrine applied when bankruptcy case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

was closed and the estate's assets were no longer in the receiver's possession); In re Linton, 136 F.3d at 544–45 (holding that Barton doctrine applied to lawsuit filed eleven months after bankruptcy case closed).

However, the Barton doctrine does not apply "if, by mistake or wrongfully, the receiver takes possession of property belonging to another." Barton, 104 U.S. at 134. In such event, a party may bring suit against a receiver "personally as a matter of right; for in such case the receiver would be acting ultra vires." Id. This exception to the Barton doctrine was later codified in 28 U.S.C. § 959(a). This section provides that "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." 28 U.S.C. § 959(a). Thus, this exception only applies if the "officer is actually operating the business, and only to acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." In re Crown Vantage, Inc., 421 F.3d at 971–72 (quoting Muratore, 375 F.3d at 144). The exception does not apply when the transactions merely involve the administration or liquidation of the bankruptcy estate. Id. at 972; Carter, 220 F.3d at 1254.

Here, the Court finds that the Barton doctrine deprives this Court of subject matter jurisdiction over plaintiff's claims. Plaintiff failed to obtain leave from the bankruptcy court before filing the instant action in this Court. In fact, Judge Robles denied plaintiff's motion for leave to file an adversary proceeding in a September 24, 2012 order. Defs' Miller and Lev's RJN at Ex A. Additionally, plaintiff has not alleged sufficient facts to exempt herself from the Barton doctrine under 28 U.S.C. § 959(a). Plaintiff has not alleged facts demonstrating, for example, that the defendants were managing her assets "as an operating enterprise." If anything, defendants were engaged in the administration and liquidation of plaintiff's assets, which are protected activities under the Barton doctrine. Accordingly, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims.

     **B.**     **Quasi-Judicial Immunity**

Defendants Goodrich, Gould, Miller, and Lev argue that this case should be dismissed because they are entitled to a complete defense for their actions as a result of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

the quasi-judicial immunity they receive as court-appointed trustees and attorneys for the trustees.

Plaintiff does not directly address the quasi-judicial immunity defense raised by defendants in any of her oppositions. Instead, plaintiff appears to argue that judicial immunity is inapplicable because defendants were all acting beyond their authority under the doctrine of ultra vires. Dkt. No. 34, Opp. to Miller and Lev's Motion to Dismiss, Strike, and RJN at 6; Dkt. No. 35, Opp. to Goodrich and Gould's Motion to Dismiss at 5–6; Dkt. No. 36, Opp. to Pearlson, Selth, et al. Motion to Dismiss and RJN at 8.

It is a well-settled principle that judges are absolutely immune from suits brought as a result of their judicial acts. Forrester v. White, 484 U.S. 219, 225–26 (1988). The Supreme Court has recognized that this immunity may be extended in the form of quasi-judicial immunity to non-judicial officers who either perform "functions that are judicial in nature" or "have a sufficiently close nexus to the adjudicative process." In re Castillo, 297 F.3d 940, 948 (9th Cir. 2002). In determining whether a function is judicial in nature, courts focus on the "ultimate act" rather than the constituent parts of the act. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (finding that bankruptcy trustee's scheduling and convening of an adjudicatory hearing was an ultimate act).

A majority of courts have expanded the scope of quasi-judicial immunity to protect bankruptcy trustees and attorneys representing the trustees who act within their scope of authority and pursuant to court order. See U.S. v. Hemmen, 51 F.3d 883, 892 (9th Cir. 1995) ( "As a general matter, bankruptcy trustees enjoy broad immunity from suit when acting within the scope of their authority and pursuant to court order."); Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) ("The trustee . . . derives his immunity from the judge who appointed him."); In re Harris, 590 F.3d 730, 742 (9th Cir. 2009) ("The doctrine of judicial immunity also applies to court approved attorneys for the trustee."); Gregory v. United States, 942 F.2d 1498, 1500 (10th Cir. 1991) (finding that bankruptcy trustees enjoy immunity when executing "facially valid judicial orders"); Gross v. Rell, 695 F.3d 211, 216 (2d Cir. 2012). Bankruptcy trustees enjoy this quasi-judicial immunity because they are "charged with safeguarding the assets of the bankruptcy estate under court supervision and thus [have] responsibilities both toward the estate and the court." Id. at 216.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

However, bankruptcy trustees are not immune from suit for an intentional or negligent violation of their duties imposed by law. Henmen, 51 F.3d at 892 (finding that quasi-judicial immunity did not shield bankruptcy trustee from liability because trustee's failure to honor levy did not arise out of his duty to protect assets of the estate); see also Mullis, 828 F.2d at 1390 ("[T]he trustee also loses his immunity if he acts in the clear absence of all jurisdiction."). Thus, the quasi-judicial immunity does not protect trustees against ultra vires acts, which are acts outside the scope of the trustee's duties. Ziegler v. Pitney, 139 F.2d 595, 596 (2d Cir. 1943).

For quasi-judicial immunity to apply, a bankruptcy trustee or his attorney must satisfy the following elements: (1) the acts at issue were within the scope of the trustee's authority; (2) the debtor had notice of the proposed acts; (3) the trustee candidly disclosed the proposed acts to the bankruptcy court; and (4) the bankruptcy court approved the acts. In re Harris, 590 F.3d at 742; see also Bennett v. Williams, 892 F.2d 822, 823 (9th Cir. 1989).

Here, the Court finds that defendants Goodrich, Gould, Miller, and Lev are entitled to quasi-judicial immunity. Based on plaintiff's allegations and the judicially-noticed documents before the Court, defendants demonstrate that all four elements noted above are met. First, defendants have not acted outside their scope of authority. Defendants Goodrich and Miller were court-appointed trustees who had the duty to investigate plaintiff's financial affairs and administer assets of the estate. Thus, their confiscation of the accounts receivables and sale of assets of the Living Trust as alleged in the complaint, including the sale of the Torrance property, were within the scope of their duties pursuant to court order. Second, plaintiff received notice regarding defendants' handling of her estate through court proceedings. FAC ¶¶ 22–23, 28. Third, defendants disclosed information regarding plaintiff's assets and estate to Judge Robles throughout the bankruptcy proceedings. Id. In particular, defendants Goodrich and Miller disclosed the sale of the Torrance Property at the September 5, 2012 hearing. Id. ¶ 23. Fourth, Judge Robles approved the sale of the Torrance property, as well as various other acts by defendants Goodrich and Miller. See Dkt. No. 13, RJN at Exhibit E; Id. ¶ 21, 23, 28. Accordingly, the Court finds that defendants Goodrich, Gould, Miller, and Lev are shielded by quasi-judicial immunity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

Plaintiff also argues that defendants Goodrich and Miller had no authority from the outset to act as plaintiff's trustees because defendants failed to post security within five days of being selected, violating 11 U.S.C. § 322(a). Section 322(a) provides that an individual selected as a trustee qualifies only "if before seven days after such selection, and before beginning official duties, such person has filed with the court a bond in favor the United States conditioned on the faithful performance of such official duties." 11 U.S.C. § 322(a). However, courts do not interpret § 322(a) as a hard-line rule. Courts have held that the failure of a court-appointed trustee to qualify as a trustee due to a failure to post a bond "does not invalidate the trustee's pre-qualification acts." W.J. Services, Inc. v. Commercial State Bank of El Campo, 990 F.2d 223, 223 (5th Cir. 1993); see In re Holiday Isles, Ltd., 29 B.R. 827, 829–31 (Bankr. S.D.Fla. 1983). If the trustee "acted pursuant to order of court appointing them as [a trustee], appeared before bankruptcy court on numerous occasions acting as trustees . . . and held themselves as trustees and were treated as such by court, credits, employees of estate, and other interested parties," then the trustee is a "de facto trustee" of the debtor's estate, irrespective of the fact that they failed to post the required bond. Id.[3] Here, it is unclear whether defendants have not posted the required bonds at all, or whether defendants merely posted the bonds after the seven-day statutorily-imposed time frame for posting bonds. Regardless, the Court finds that defendants have held themselves as trustees and acted pursuant to court order and within their scope of authority. Thus, § 322(a) is inapplicable to negate the defense of quasi-judicial immunity. Accordingly, the Court concludes that defendants Goodrich, Gould, Miller, and Lev are entitled to quasi-judicial immunity.

---

[3] At oral argument, plaintiff argued that the Court should not follow In re Holiday Isles and its progeny that recognize this "de facto trustee" doctrine, because the Ninth Circuit has yet to adopt this rule. The Court declines to do so. As one court has noted, "if the de facto trustee doctrine was not readily available, trustees would be regularly exposed to hyper-technical, but meritless litigation as we have here, and such a result would ignore years of common sense jurisprudence." In re Granderson, 252 B.R. 1, 5 (B.A.P. 1st Cir. 2000). At least as concerns plaintiff's present allegations, the Court finds this reasoning persuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

### C. Failure to State a Claim

In addition to the foregoing, all moving defendants argue that plaintiff fails to state any claim against them. Defendants move to dismiss plaintiff's 42 U.S.C. § 1983, declaratory relief, and state law conspiracy claims. Additionally, defendants Miller, Lev, Gould, and Goodrich move to dismiss plaintiff's claim for state law professional malpractice.[4] The Court considers each claim in turn.

### 1. 42 U.S.C. § 1983

Plaintiff alleges that defendants discriminated against plaintiff on the basis of her race, gender, and age, in violation of the Equal Protection Clause, Due Process Clause, and the First, Fifth, and Fourteenth Amendments of the U.S. Constitution. All the moving defendants argue that plaintiff has failed to sufficiently state a claim under § 1983. Furthermore, defendants W&S, Selth, and Pearlson argue that since defendants Goodrich, Gould, Miller, and Lev are entitled to judicial immunity, such immunity would also bar any claims against defendants Selth, Pearlson, and W&S under § 1983 for allegedly conspiring with any of these government officials.

To state a claim under § 1983, a plaintiff must (1) allege the violation of a right secured by the U.S. Constitution and laws of the United States, and (2) show the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). An individual acts "under color of state law" when he has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 229, 326 (1941). Thus, "a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." West, 487 U.S. at 48. The Court finds that plaintiff fails to state a claim under § 1983, as it is apparent from the face of plaintiff's complaint that no defendant was acting under color of state law. Instead, defendants Miller, Lev, Gould, and Goodrich were court-appointed individuals entrusted

---

[4]Although defendants W&S, Selth, and Pearlson have not moved to dismiss the professional malpractice claim, they state that they were not named under this claim for relief in plaintiff's FAC. Mot. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

with the responsibility of overseeing plaintiff's federal bankruptcy proceedings, and defendants W&S, Selth and Pearlson were attorneys that the physicians hired to represent them in the litigation proceedings against plaintiff. None of the named defendants in the instant case were employed by the state or held duties arising from a position given to them by the state; plaintiff's allegations, even taken as true, cannot possibly be construed as demonstrating that any of these defendants acted "under color of state law." Accordingly, the Court dismisses plaintiff's § 1983 claim without prejudice.[5]

### 2. State Law Conspiracy

Plaintiff alleges a claim for state law conspiracy, claiming that she:

> was the subject of an erroneous State Court judgment establishing the initial wrong caused by HORWITZ, CRON & ARMSTRONG LLP and each and every other defendant used those errors to further through agreement to confiscate and or sell assets designed to limit exposure through knowing and willful disrespect for their purported office, privilege through the Federal judiciary or both.

FAC ¶ 35. Defendants all argue that the state law conspiracy claim should be dismissed because there is no separate cause of action for civil conspiracy.

California does not recognize a separate cause of action for civil conspiracy. Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir. 1997); see also Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (1995); Applied Equipment Corp. v. Litton Saudi Arabid Ltd., 7 Cal. 4th 503, 510–11. Instead, there must be a separate underlying tort or civil wrong serving as a basis for liability. Id. Thus, to state a claim for conspiracy under California law, a plaintiff must allege "(1) the formation and operation of the conspiracy, (2) the wrongful

---

[5] Plaintiff also states a second claim for declaratory relief, which mostly realleges the same facts as in plaintiff's § 1983 claim. Because the Court finds that plaintiff has failed to state a claim under § 1983, the Court also dismisses plaintiff's declaratory relief claim without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." Cellular Plus, Inc. v. Superior Court, 14 Cal. App. 4th 1224, 1236 (1993).

The Court finds that plaintiff has failed to allege sufficient facts pointing to any wrongful acts committed by any of the named defendants. The defendant trustees' confiscation and sale of plaintiff's assets are merely part of their administration of plaintiff's estate in accordance with the orders of the bankruptcy court. Moreover, while plaintiff generally alleges that defendants' conspiracy has caused injury to plaintiff, plaintiff provides no additional information as to who was the leader of the conspiracy or how the conspiracy was formed or operated. Accordingly, the Court dismisses plaintiff's state law conspiracy claim without prejudice.

### 3. Professional Malpractice

In support of her claim for professional malpractice, plaintiff alleges that defendants HC&A and Armstrong provided "legal assistance . . . far less than reasonable compared to those of the community." FAC ¶ g. Defendants Miller, Lev, Gould, and Goodrich move to dismiss this complaint because (1) it appears that plaintiff's malpractice claim is solely against defendants HC&A and Armstrong, and (2) there was no attorney-client relationship.

To state a legal malpractice action arising from a civil proceeding in California, the plaintiff must allege the following: (1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise, (2) breach of that duty, (3) proximate cause, and (4) damages. Wilkinson v. Zelen, 167 Cal. App. 4th 37, 45 (2008). The Court cannot discern whether plaintiff is alleging legal malpractice against all defendants or solely against defendants HC&A and Armstrong. It appears that plaintiff only names defendants HC&A and Armstrong, who are not moving parties to the motions before the Court. However, to the extent that plaintiff's claim does name defendants Miller, Lev, Goodrich, and Gould, plaintiff fails to state a claim because she has not alleged the existence of an attorney-client relationship with them. Moreover, it does not appear that plaintiff can establish the existence of an attorney-client relationship with any of these four defendants, as defendants Miller and Goodrich were bankruptcy trustees appointed by the court to administer plaintiff's estate, and defendants Lev and Gould were attorneys approved by the court to represent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ CRON AND ARMSTRONG LLP, ET AL. | | |

defendants Miller and Goodrich, respectively. None of the duties that defendants Miller, Lev, Goodrich, and Gould held amounted to an attorney-client relationship with plaintiff. Accordingly, the Court dismisses plaintiff's legal malpractice claim against defendants Miller, Lev, Goodrich, and Gould without prejudice.

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants Goodrich and Gould's motion to dismiss, defendants W&S, Selth, and Pearlson's motion to dismiss, and defendants Miller and Lev's motion to dismiss without prejudice. Plaintiff may file an amended complaint on or before **May 1, 2013**, addressing the deficiencies identified herein. Failure to do so may result in the dismissal of this action as to the above-named defendants with prejudice.

IT IS SO ORDERED.

| | 00 | : | 12 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |