UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ, CRON, & ARMSTRONG LLP, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS (filed March 19, 2013) [Dkt. No. 30]

## I.   INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 22, 2013, is vacated, and the matter is hereby taken under submission.

On September 12, 2012, plaintiff Peli Popovich Hunt, proceeding pro se, filed the instant action against defendants Horwitz, Cron & Armstrong, LLP ("HC&A"), Weintraub & Selth APC ("W&S"), United States Bankruptcy Judge Ernest M. Robles in his official capacity ("Judge Robles"), John R. Armstrong ("Armstrong"), David M. Goodrich ("Goodrich"), Elissa D. Miller ("Miller"), Paul R. Pearlson ("Pearlson"), Daniel A. Lev ("Lev"), David Gould ("Gould"), and James R. Selth ("Selth"). On January 3, 2013, plaintiff filed her First Amended Complaint ("FAC"). Plaintiff alleges the following claims for relief: (1) violation of 42 U.S.C. § 1983, (2) declaratory relief, (3) state law conspiracy, and (4) state law professional negligence.

Plaintiff's allegations in the FAC are set forth more fully in the Court's prior order, filed on April 8, 2013, granting defendants Goodrich and Gould's motion to dismiss, W&S, Selth, and Pearlson's motion to dismiss, and Miller and Lev's motion to dismiss without prejudice. Dkt. No. 42. In brief, plaintiff alleges that Judge Robles committed various legal errors while presiding over plaintiff's bankruptcy proceeding. See, e.g., FAC ¶¶ 18, 25, 28 (objecting to erroneous evidentiary rulings). Plaintiff also alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ, CRON, & ARMSTRONG LLP, ET AL. | | |

Judge Robles lacked jurisdiction over a certain property that was within the exclusive province of the probate court during her bankruptcy proceeding. Id. ¶¶ 22–23.

On March 8, 2013, the United States of America ("United States" or "defendant") substituted into this action for Judge Robles as to the common law state tort claims asserted against him. Dkt. No. 29; see 28 U.S.C. § 2679(d)(1) (providing for substitution of the United States in any civil action asserted against a federal employee who was acting within the scope of his employment at the time of the incident giving rise to the plaintiff's claims). Thereafter, the United States filed the instant motion to dismiss the two state law claims asserted against it. Dkt. No. 30.[1] Plaintiff, now represented by counsel, filed an opposition on April 2, 2013, and defendant replied on April 5, 2013. Defendant's motion is presently before the Court.

**II.    LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

---

[1] The United States contends that Judge Robles has yet to be properly served in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ, CRON, & ARMSTRONG LLP, ET AL. | | |

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ, CRON, & ARMSTRONG LLP, ET AL. | | |

### III.  ANALYSIS

Plaintiff alleges that Judge Robles committed various state law torts as a result of rulings that he made during plaintiff's bankruptcy proceeding.  However, it is a well-settled principle that judges are absolutely immune from suits brought as a result of their judicial acts.  Forrester v. White, 484 U.S. 219, 225–26 (1988).  "This immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1993) (citations and quotations omitted).  Thus, a party "may challenge . . . prior rulings only via appeal, not by suing judges."  In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007).  Absolute immunity will not attach in two limited circumstances—first, where a judge commits "nonjudicial acts, i.e., actions not taken in the judge's judicial capacity"; and second, where a judge acts "in the complete absence of all jurisdiction."  Mireles v. Waco, 502 U.S. 9, 9–10 (1991).  Neither of these circumstances applies here.

First, plaintiff does not allege that Judge Robles committed "nonjudicial" acts.  To determine whether an act is a judicial one, the Court examines whether:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001).  Here, plaintiff's allegations concern rulings that Judge Robles made in a case then pending before him, which are a normal judicial function for a bankruptcy judge.  Plaintiff alleges no facts that demonstrate that Judge Robles somehow acted in a manner injurious to plaintiff outside of the context of a bankruptcy proceeding.  Accordingly, the Court finds that Judge Robles's alleged actions were judicial in nature.

Second, plaintiff does not allege Judge Robles acted in the complete absence of all jurisdiction.  "A clear absence of jurisdiction means a clear lack of all subject matter jurisdiction."  Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1389 (9th Cir. 1987).  Merely acting in "excess" of a court's jurisdiction is not sufficient to defeat a judge's judicial immunity.  Id.   Plaintiff contends in her opposition that Judge Robles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7866-CAS (RZx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | PELI POPOVICH HUNT, ET AL. V. HORWITZ, CRON, & ARMSTRONG LLP, ET AL. | | |

acted in excess of his jurisdiction by making certain rulings with respect to the Peli and Robert Hunt Living Trust, but even if this contention were adequately pled in her FAC, these rulings were not made in the "complete absence" of jurisdiction. Judge Robles clearly had subject matter jurisdiction over plaintiff's bankruptcy proceedings in his capacity as a duly-appointed bankruptcy judge. See 28 U.S.C. § 151. Thus, the Court concludes that Judge Robles did not act in the "complete absence" of all subject matter jurisdiction, and accordingly, the United States is absolutely immune from liability for the alleged judicial acts of Judge Robles.

## IV.   CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant United States of America's motion to dismiss without prejudice. Plaintiff may amend her complaint as to the claims asserted against the United States on or before **May 1, 2013**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |