UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Franklin Jeffries | John Armstrong |
| | James Selth |
| | Paul Pearlson |
| | David Gould |
| | David Kupetz |
| | Sekret Sneed |

**Proceedings:** DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS (filed May 28, 2013) [53]

DEFENDANTS MILLER AND LEV'S MOTION TO DISMISS (filed May 28, 2013) [54]

DEFENDANTS' GOODRICH AND GOULD'S MOTION TO DISMISS (filed May 28, 2013) [55]

DEFENDANTS' PEARLSON, SELTH, WEINTRAUB & SELTH APC'S MOTION TO DISMISS (filed May 28, 2013) [58]

## I.   INTRODUCTION

On September 12, 2012, plaintiff Peli Popovich Hunt, an individual and as Trustee of the Robert and Peli Hunt Living Trust ("Living Trust"), filed the instant action against defendants Horwitz, Cron & Armstrong, LLP ("HC&A"), Weintraub & Selth APC ("W&S"), United States Bankruptcy Judge Ernest M. Robles ("Judge Robles"), John R. Armstrong ("Armstrong"), David M. Goodrich ("Goodrich"), Elissa D. Miller ("Miller"), Paul R. Pearlson ("Pearlson"), Daniel A. Lev ("Lev"), David Gould ("Gould"), and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                               JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

James R. Selth ("Selth").[1]  On January 3, 2013, plaintiff filed her first amended complaint ("FAC"). On February 8, 2013, defendants Armstrong and HC&A filed an answer to her amended complaint.

On March 8, 2013, the United States of America substituted into this action in place of Judge Robles. Dkt. No. 29.

On April 8, 2013, after a hearing, the Court granted defendants Goodrich and Gould, W&S, Selth, and Pearlson, and Miller and Lev's motions to dismiss plaintiff's FAC. Dkt. No. 42. The Court granted defendant United States of America's motion to dismiss on April 19, 2013. Dkt. No. 43.

On May 13, 2013, plaintiff filed the operative Second Amended Complaint ("SAC"), alleging the same four claims for (1) violation of her civil rights under 42 U.S.C. § 1983; (2) declaratory relief; (3) state law conspiracy; and (4) state law professional negligence as were contained in their FAC.

On May 28, 2013, all defendants except for Armstrong and HC&A moved to dismiss plaintiff's SAC. On June 27, plaintiff filed oppositions to the four motions to dismiss. The Court held a hearing on July 8. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

At the outset, the Court notes the material allegations in plaintiff's SAC are nearly identical to those contained in her FAC; plaintiff's additional allegations concern events that long predated the instant litigation and are largely irrelevant to the merits of these motions.

In brief, plaintiff Hunt alleges that she is the widow of Dr. Robert W. Hunt and the Trustee of the Living Trust. SAC ¶ 132. Dr. Hunt was the former owner of Robert W.

---

[1] For ease of discussion, the Court will refer to Hunt as "plaintiff" notwithstanding her instigation of this suit on behalf of herself and as Trustee of the Living Trust.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

Hunt, M.D., a Medical Corporation (the "Corporation"). Id. ¶ 139. Upon his death, Dr. Hunt left plaintiff his medical practice, accounts receivables, and medical offices to the Living Trust. Id. ¶ 132.

After plaintiff assumed possession over the Corporation, a variety of disputes over compensation arose between plaintiff and a number of physicians working at the Corporation, leading to litigation in the Los Angeles Superior Court. Id. ¶ 3. Hunt and the Corporation were represented by defendants HC&A and Armstrong, and the physicians were represented by defendants W&S, Selth, and Pearlson. Id. ¶¶ 4–10. On October 14, 2011, a judgment awarding over $3 million in favor of the physicians was entered in the Los Angeles County Superior Court. Defs. W&S, et al.'s Request for Judicial Notice ("RJN") Ex. 11 at 61–66.[2]

On November 23, 2011, both plaintiff and the Corporation filed for Chapter 11 bankruptcy. See RJN, Exs. 1, 2. Bankruptcy Judge Ernest M. Robles appointed defendant Miller as Chapter 11 trustee in plaintiff's bankruptcy case and defendant Lev as defendant Miller's counsel. See RJN Exs. 3, 5. Judge Robles appointed defendant Goodrich as Chapter 11 trustee in the Corporation's bankruptcy case and defendant Gould as defendant Goodrich's counsel. See RJN Exs. 4, 6. After the trustees raised their concerns that Hunt was mismanaging or concealing the assets of each estate, Judge Robles granted Miller and Goodrich's motions to convert each bankruptcy case from Chapter 11 to Chapter 7. See RJN Exs. 7, 9. Plaintiff alleges that Miller and Goodrich violated 11 U.S.C. § 322 and Fed. R. Bankr. P. 9006 by failing to timely fix bonds or accept the appointments. SAC ¶ 94.

On May 4, 2012, defendant Pearlson filed a proof of claim seeking to enforce the $3 million judgment for the physicians. Hunt moved to disallow the claim, but Judge Robles overruled her objection. Id. ¶ 108; see RJN Ex. 13. On September 5, 2012, a hearing was held regarding the sale of real assets of the Living Trust, in particular the sale of the Corporation's commercial property in Torrance (the "Torrance property"). SAC

---

[2] The Court previously granted defendants' request for judicial notice pursuant to Fed. R. Evid. 201. See Dkt. No. 43, n. 2. For the reasons set forth therein, the Court again finds it appropriate to grant defendants' request here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                                    JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

¶ 103. As in her first complaint, plaintiff alleges that defendants Miller and Goodrich acted outside the scope of their authority as bankruptcy trustees by confiscating accounts receivables and selling assets of the Living Trust. Id. ¶ 96. It appears that plaintiff objected to the sale of the Torrance property on the grounds that she held a deed to the property, but Judge Robles sustained defendants' authenticity objection to evidence proffered by plaintiff in support of her claim of ownership. Id. ¶ 103.[3]

The gravamen of plaintiff's complaint, as in their FAC, is that defendants conspired to violate Hunt's constitutional rights, discriminating against her on the basis of race, gender, and age. Id. ¶ 81. Plaintiff also alleges that defendants have acted under color of California and federal law to confiscate and sell their property impermissibly. Id. ¶ 82.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that,

---

[3] Plaintiff has appealed a number of these orders, and to date, her many appeals remain pending. See In re: Robert W. Hunt, MD, Case Nos. CV 12-8619, 12-7483, and 12-8619; In Re: Peli Popovich Hunt, Case Nos. CV 12-6600, 12-8493, 13-2709.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

## IV. ANALYSIS

As with plaintiff's FAC, the Court finds that the majority of plaintiff's claims fail on three separate grounds. First, the Court lacks subject matter jurisdiction over all claims asserted against defendants Miller, Lev, Goodrich, and Gould. Second, even if the Court had subject matter jurisdiction, these defendants are shielded by the doctrine of quasi-judicial immunity (or absolute judicial immunity in the case of Judge Robles). Third, in addition to the foregoing deficiencies, plaintiff fails to state a claim upon which relief may be granted.

### A. Subject Matter Jurisdiction

Defendants Miller, Lev, Goodrich, and Gould are the trustees and their attorneys in the two underlying bankruptcy proceedings. As the Court found before, it lacks subject matter jurisdiction over plaintiff's claims against these individuals under the Barton doctrine. See Barton v. Barbour, 104 U.S. 126 (1881).

The Supreme Court established over a century ago that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." Id. This doctrine applies with equal force in the bankruptcy context, where "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." In re Crown Vantage, Inc., 421 F.3d 963, 970 (9th Cir. 2005). If a party fails to obtain leave of court before initiating an action in another forum, then the other forum lacks subject matter jurisdiction. Id.

There is a narrow exception to the Barton doctrine codified at 28 U.S.C. § 959(a), which provides that "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." By its plain terms, this exception applies only if the "officer is actually operating the business, and only to acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." In re Crown Vantage, 421 F.3d at 971–72 (quotation omitted). The exception does not apply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

when the transactions merely involve the administration or liquidation of the bankruptcy estate. Id. at 972.

The Court again finds that the Barton doctrine deprives this Court of subject matter jurisdiction over plaintiff's claims. First, Hunt attempted but failed to obtain leave from the bankruptcy court before filing the instant action; Judge Robles denied plaintiff's motion for leave to file an adversary proceeding on September 24, 2012. Defs.' Miller and Lev's RJN, Ex A.

Second, plaintiff have not alleged facts sufficient to avail herself of the exception set forth in 28 U.S.C. § 959(a). As before, plaintiff alleges no facts indicating that defendants were engaged in anything other than the administration and liquidation of plaintiff's assets, which are protected activities under the Barton doctrine. In this regard, plaintiff's remedy is via the appeals process, not a collateral attack to their ongoing bankruptcy proceedings. Accordingly, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims against defendants Miller, Lev, Goodrich, and Gould.

    **B.**    **Judicial Immunity**

Plaintiff alleges that Judge Robles committed various state law torts as the presiding judge in the underlying bankruptcy proceedings. However, the Court again finds that Judge Robles is immune from suit on these claims, in accordance with the well-settled principle that judges are absolutely immune from suits brought as a result of their judicial acts. Forrester v. White, 484 U.S. 219, 225–26 (1988). "This immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1993) (citations and quotations omitted). Thus, a party "may challenge . . . prior rulings only via appeal, not by suing judges." In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007).

Absolute immunity will not attach in two limited circumstances—first, where a judge commits "nonjudicial acts, i.e., actions not taken in the judge's judicial capacity"; and second, where a judge acts "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 9–10 (1991). Neither of these circumstances applies here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

First, plaintiff does not allege that Judge Robles committed "nonjudicial" acts. To determine whether an act is a judicial one, the Court examines whether:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001). Here, plaintiff's allegations concern rulings that Judge Robles made in a case then pending before him, which are a normal judicial function for a bankruptcy judge. As in her FAC, plaintiff again fails to plead any plausible allegations demonstrating that Judge Robles acted in a manner injurious to plaintiff outside of the context of a judicial proceeding. Accordingly, the Court finds that Judge Robles's alleged actions were judicial in nature.

Second, plaintiff does not allege Judge Robles acted in the complete absence of all jurisdiction. "A clear absence of jurisdiction means a clear lack of all subject matter jurisdiction." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1389 (9th Cir. 1987). Merely acting in "excess" of a court's jurisdiction is not sufficient to defeat a judge's judicial immunity. Id. Plaintiff's SAC is devoid of allegations that could plausibly be construed as establishing that Judge Robles acted outside of his subject matter jurisdiction as a duly-appointed bankruptcy judge, and certainly not in the "complete absence of jurisdiction." Accordingly, the Court concludes that the United States is absolutely immune from liability for the alleged judicial acts of Judge Robles.

### C. Quasi-Judicial Immunity

Defendants Goodrich, Gould, Miller, and Lev also argue that this case should be dismissed because they are entitled to quasi-judicial immunity as court-appointed trustees and attorneys for the trustees. The Court agrees. Because defendants were acting within the scope of their authority and pursuant to court order, they are entitled to quasi-judicial immunity.

Quasi-judicial immunity extends to non-judicial officers who either perform "functions that are judicial in nature" or "have a sufficiently close nexus to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

adjudicative process." In re Castillo, 297 F.3d 940, 948 (9th Cir. 2002). In determining whether a function is judicial in nature, courts focus on the "ultimate act" rather than the constituent parts of the act. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (finding that bankruptcy trustee's scheduling and convening of an adjudicatory hearing was an ultimate act). This immunity has been extended to both the bankruptcy trustees and their attorneys who act within their scope of authority and pursuant to court order. See In re Harris, 590 F.3d 730, 742 (9th Cir. 2009); Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) ("The trustee . . . derives his immunity from the judge who appointed him.").

For quasi-judicial immunity to apply, a bankruptcy trustee or his attorney must satisfy the following elements: (1) the acts at issue were within the scope of the trustee's authority; (2) the debtor had notice of the proposed acts; (3) the trustee candidly disclosed the proposed acts to the bankruptcy court; and (4) the bankruptcy court approved the acts. In re Harris, 590 F.3d at 742; see also Bennett v. Williams, 892 F.2d 822, 823 (9th Cir. 1989).

Here, the Court again concludes that defendants Goodrich, Gould, Miller, and Lev are entitled to quasi-judicial immunity. Based on plaintiff's nearly identical allegations and the judicially-noticed documents before the Court, defendants demonstrate that all four elements noted above are met.

First, plaintiff does not plausibly allege that defendants have acted outside their scope of authority. Defendants Goodrich and Miller were court-appointed trustees who had the duty to investigate plaintiff's financial affairs and administer the assets of each estate. Thus, their confiscation of the accounts receivables and sale of assets of the Living Trust as alleged in the complaint, including the sale of the Torrance property, were actions within the scope of their duties as trustees. Second, plaintiff received notice of defendants' handling of her estate through the bankruptcy court proceedings. SAC ¶¶ 20–22, 43–45. Third, defendants continually disclosed information regarding plaintiff's assets and estate to Judge Robles. Id. In particular, defendants Goodrich and Miller disclosed the sale of the Torrance Property at the September 5, 2012 hearing. Id. ¶ 50. Fourth, Judge Robles approved the sale of the Torrance property, as well as various other acts by defendants Goodrich and Miller that plaintiff complains of here. Id. ¶ 50, 69. Accordingly, because all four elements are met, the Court finds that defendants Goodrich,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

Gould, Miller, and Lev are shielded by quasi-judicial immunity, barring plaintiff's claims asserted against them.[4]

### D. Failure to State a Claim

In addition to the foregoing deficiencies, the Court finds that plaintiff also fails to state a claim against defendants Miller, Lev, Gould, and Goodrich, as well as defendants W&S, Selth, and Pearlson.

#### 1. 42 U.S.C. § 1983

As in her FAC, plaintiff alleges in her SAC that defendants intentionally discriminated against her on the basis of her race, gender, and age, in violation of her rights under the Equal Protection Clause, Due Process Clause, and First, Fifth, and Fourteenth Amendments of the U.S. Constitution. All moving defendants argue that plaintiff has failed to sufficiently state a claim under § 1983. The Court agrees.

To state a claim under § 1983, a plaintiff must (1) allege the violation of a right secured by the U.S. Constitution and laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). An individual acts "under color of state law" when he has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 229, 326 (1941). Thus, "a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." West, 487 U.S. at 48.

Plaintiff's repeated allegations that each defendant, except for HC&A and Armstrong, were "acting under color of state law," are implausible, conclusory, and insufficient to state a claim under section 1983. As the Court found before, defendants

---

[4] For the reasons set forth in the Court's prior order dismissing plaintiff's FAC, the Court rejects plaintiff's contention that defendants Goodrich and Miller had no authority from the outset to act as plaintiff's trustees because defendants failed to post security within five days of being selected, in violation of 11 U.S.C. § 322(a)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

Miller, Lev, Gould, and Goodrich were court-appointed individuals entrusted with the responsibility of overseeing plaintiff's federal bankruptcy proceedings, and defendants W&S, Selth and Pearlson were attorneys that the disaffected physicians hired to represent them in litigation against plaintiff. See Dkt. No. 43 at 11. None of the named defendants in the instant case was employed by any state entity (as opposed to federal) or held duties arising from a position provided to them by a state entity. Plaintiff's conclusory allegations to the contrary are insufficient to support a claim under section 1983, and accordingly, the Court dismisses plaintiff's section 1983 claim.[5]

> **2.     State Law Conspiracy**

As in her FAC, plaintiff alleges a claim for state law conspiracy. However, California does not recognize a separate, stand-alone cause of action for civil conspiracy. Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir. 1997); see also Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (1995). Instead, there must be an underlying tort or civil wrong serving as the basis for liability. Id. To state a claim for conspiracy under California law, therefore, a plaintiff must allege "(1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." Cellular Plus, Inc. v. Superior Court, 14 Cal. App. 4th 1224, 1236 (1993).

The Court finds that plaintiff has failed to allege sufficient facts to support the requisite wrongful act or acts committed by the named defendants underlying the conspiracy. Plaintiff's implausible allegation that defendants "conspired" amongst themselves during the bankruptcy proceedings in order to receive kick-backs in the form of costs and attorneys fees, SAC ¶¶ 117–121, is wholly unsupported. Indeed, plaintiff's allegations demonstrate that defendants were concerned with the efficient administration of the bankruptcy estates, which are not "wrongful acts" that can give rise a civil conspiracy claim. Moreover, plaintiff fails to allege any specific damages resulting from

---

[5] Plaintiff also asserts a second claim for declaratory relief, which largely restates the same facts as in plaintiff's section 1983 claim. Because the Court finds that plaintiff has failed to state a claim under section 1983, the Court also dismisses plaintiff's declaratory relief claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

the alleged conspiracy beyond "an injury to [plaintiff] in property, person, and fiduciary duty," SAC ¶ 122, which is insufficient to state a claim for conspiracy. Accordingly, the Court dismisses plaintiff's state law conspiracy claim.

### 3.     Professional Malpractice

Plaintiff alleges that defendants HC&A, Armstrong, Miller, Lev, Goodrich, and Gould provided legal assistance that "was far less than reasonable compared to those of the community." SAC ¶ 124. As before, defendants Miller, Lev, Goodrich, and Gould move to dismiss this claim based on their lack of an attorney-client relationship with plaintiff.

Plaintiff again fails to allege the existence of an attorney-client relationship with defendants Miller, Lev, Goodrich, and Gould, which defeats her claim asserted against them. See Blue Water Sunset, LLC v. Markowitz, 192 Cal. App. 4th 477, 487 (2011). Plaintiff has not corrected this deficiency from her FAC, nor does it appear that plaintiff could do so. Defendants Miller and Goodrich were trustees appointed by the bankruptcy court to administer plaintiff's estate, and defendants Lev and Gould were attorneys approved by the court to represent defendants Miller and Goodrich, respectively. None of the duties held by defendants Miller, Lev, Goodrich, and Gould amount to an attorney-client relationship with plaintiff. Accordingly, the Court grants defendants Miller, Lev, Goodrich, and Gould motion to dismiss plaintiff's legal malpractice claim.

Plaintiff also asserts this claim against non-moving defendants Armstrong and HC&A, the attorney and his law firm who represented plaintiff in the state court litigation. Although it is difficult to discern from plaintiff's SAC, this appears to be the only claim asserted against them.[6] Because the Court is dismissing all federal claims over which the Court has original jurisdiction, the Court declines to exercise jurisdiction over plaintiff's remaining state law claim for professional negligence against Armstrong and HC&A. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("[I]n the

---

[6] To the extent that plaintiff also seeks to name HC&A and Armstrong to her section 1983 claim, the Court sua sponte dismisses this claim for the same reasons articulated herein with respect to the moving defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-7866 CAS (RZx) | Date | July 8, 2013 |
|---|---|---|---|
| Title | PELI POPVICH HUNT, ET AL. V. HORWITZ, CRON AND ARMSTRONG LLP, ET AL. | | |

usual case in which all federal-law claims are eliminated before the trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims[.]" ) (citations and alterations omitted).  Accordingly, the Court dismisses plaintiff's remaining claims against HC&A and Armstrong.

**V.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS defendants' United States of America; W&S, Selth, and Pearlson; Goodrich and Gould; and Miller and Lev's motions to dismiss plaintiff's claims.  Moreover, plaintiff has not demonstrated that she could cure the deficiencies identified herein and in the Court's prior order granting defendants' motions to dismiss, for despite the Court's detailed instructions, plaintiff has failed to allege facts supporting viable claims for relief.  Accordingly, dismissal is WITH PREJUDICE as to defendants' United States of America, W&S, Selth, Pearlson, Goodrich, Gould, Miller, and Lev.

In addition, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining claims against defendants HC&A and Armstrong.  Accordingly, these claims are dismissed without prejudice.  The Clerk is directed to close the file.

IT IS SO ORDERED.

|  | 00 | : | 16 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |